264 N.J. Super. 408 (1993)
624 A.2d 1030
BENJAMIN HAYNOSKI, INDIVIDUALLY AND AS A SHAREHOLDER ON BEHALF OF JERSEY STEEL RULE DIE COMPANY, PLAINTIFF-APPELLANT,
v.
LEONARD HAYNOSKI, SR., LEONARD HAYNOSKI, JR. AND CATHERINE HAYNOSKI, INDIVIDUALLY AND JERSEY STEEL RULE DIE COMPANY, A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1993.
Decided May 20, 1993.
*410 Before Judges PETRELLA, D'ANNUNZIO and KEEFE.
Marilyn Van Houten argued the cause for appellant, (Pitney, Hardin, Kipp & Szuch, attorneys, Robert G. Rose, on the brief and Joseph Lunin, on the reply brief).
Emanuel Needle argued the cause for respondent (Kohn & Needle, attorneys; Mr. Needle, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Plaintiff Benjamin Haynoski brought a motion in aid of litigant's rights, pursuant to R. 1:10-5, to enforce the terms of a settlement agreement entered into between himself and his brother, Leonard Haynoski, Sr., as well as his brother's wife, Catherine Haynoski, and their son, Leonard Haynoski, Jr. Plaintiff claimed he had fulfilled all of his obligations under the settlement agreement. The motion specifically sought an order "to compel defendant to provide a fully executed discharge of mortgage in proper recordable form[,]" and also sought attorneys fees and costs. Plaintiff now appeals only from that part of the order of judgment denying his application for counsel fees. We reverse and remand for further proceedings in accord with this opinion.
The facts are not in dispute. The settlement agreement which is at the heart of this dispute was executed on June 19, 1980. It resolved litigation which was essentially between the two brothers concerning a company known as Jersey Steel Rule Die Company. *411 Although the settlement agreement was placed on the court record and later reduced to writing, it was not incorporated in an order or judgment.
Under the agreement, plaintiff purchased the stock of the company and the real estate where the company conducted its business. Plaintiff's obligation was secured by mortgages on the real estate in New Jersey and certain parcels of real estate located at Shell Harbor, Sanibel Island, Florida. The shares of stock purchased by plaintiff were to be kept in escrow until his obligation under the agreement was satisfied.
When a portion of the debt was satisfied, Leonard Haynoski, Sr., pursuant to the agreement, furnished plaintiff with cancellations of the mortgages on the two New Jersey properties. However, the mortgages remained on the Florida property to secure the remainder of the debt.
Leonard Haynoski, Sr., passed away on December 22, 1988. On July 2, 1990, plaintiff sent a letter and check in the amount of $397.83, payable to the estate of Leonard Haynoski, to defendant Catherine Haynoski, representing that the check constituted a final payment pursuant to the settlement agreement.
On July 31, 1990, plaintiff's counsel requested that counsel for Catherine Haynoski arrange for the removal of the mortgage on the Florida property since plaintiff's obligation under the agreement had been satisfied.[1] On August 22, 1990, Catherine's attorney advised plaintiff's counsel that he was attempting to determine whether all the payments had been made, and was attempting to obtain other information so that he could reply more fully to plaintiff's request. He requested that plaintiff's counsel not release the documents held in escrow until Catherine authorized such release. Thereafter, five letters were sent by plaintiff's counsel to defense counsel seeking information and/or action. In April, 1991 plaintiff personally wrote to Catherine's counsel detailing *412 the correspondence previously forwarded by his attorney, and advised him that Catherine's failure to comply with the prior request was "now causing [him] a hardship." On July 3, 1991 plaintiff's counsel again wrote to Catherine's counsel concerning the release of documents being held in escrow and specifically requesting a "fully executed discharge" of the mortgage.
Finally, on November 14, 1991 plaintiff filed the subject motion. The motion was adjourned from December 6, 1991 to December 20, 1991.
On December 18, 1991, Catherine sent a letter to plaintiff's counsel stating that on that date she had signed and delivered to counsel: (1) a satisfaction of the mortgage on the Florida property, (2) a "termination of U.C.C. Financing Statement filed with the Secretary of State Office on June 27, 1980[.] ..." (3) copies of the Promissory Notes in the amounts of $50,000.00 and $16,803.33, both marked paid, and (4) "Surrogate Certificate from Bergen County Surrogate Court."
At the hearing on December 20th, plaintiff's counsel indicated that plaintiff had not received everything required from defense counsel. Additional items needed were (1) the will of Leonard Haynoski to verify who had the authority to sign the document, and (2) "a release as to the note." Plaintiff's counsel admitted that a release had not been prepared by plaintiff prior to the hearing. It appears from our reading of the record that the trial judge was upset that plaintiff's counsel had not, prior to the hearing, drawn the necessary documents for Catherine's signature. We come to this conclusion based upon the following colloquy between the judge and counsel.
THE COURT: What else do you want?
PLAINTIFF'S COUNSEL: Attorney's fees would be nice. We had made the motion.
THE COURT: Let me tell you, [counsel] I thought you were entitled to them but I'm not convinced of that now. I really think that you've really gone around this in a backwards way. I thought 
...
PLAINTIFF'S COUNSEL: I had asked for releases to be signed. I have a copy of a promissory note 

*413 THE COURT: Do you have the releases?
PLAINTIFF'S COUNSEL:  that she has not signed.
THE COURT: Do you have the releases that you said you sent to them to sign?
PLAINTIFF'S COUNSEL: Okay, no, I do not. We had talked about it. He agreed to provide it.
THE COURT: What else did you want them to sign?
PLAINTIFF'S COUNSEL: I want  well, we wanted to make sure that anymore
U.C.C. 
THE COURT: Did you prepare a certification or an affidavit that you wanted them to sign and send it to them?
PLAINTIFF'S COUNSEL: We haven't done that, sir.
THE COURT: Let me tell you, the request for counsel fees is denied. Okay.
We observe at the outset that the parties to the settlement agreement stipulated that all disputes under the agreement were to be resolved by New Jersey law. Where a contract expresses a clear intent to have a particular jurisdiction's law govern, the parties' choice of law will apply unless it violates the public policy of New Jersey. Kalman Floor Co. Inc. v. Jos. L. Muscarelle, Inc., 196 N.J. Super. 16, 21, 481 A.2d 553 (App.Div. 1984), aff'd, 98 N.J. 266, 486 A.2d 334 (1985). Under the circumstances of this case, there is no public policy which precludes the application of the parties' choice of New Jersey law, especially since the settlement agreement undergirding this dispute resolved New Jersey litigation, and only collaterally involved Florida real estate.
Under New Jersey law, attorney fees are allowable only in circumstances enumerated in R. 4:42-9. Specifically, counsel fees can be awarded where a rule of court permits such an award. R. 4:42-9(a)(7).
Plaintiff claims that the current proceeding was brought pursuant to R. 1:10-5. That rule provides in pertinent part:
Notwithstanding that an act or omission may also constitute a contempt of court, a litigant in any action may seek relief by application in the action.... The court in its discretion may make an allowance for counsel fees to be paid by any party to the action to a party accorded relief under this rule.
Plaintiff argues that because the action was taken under the authority of this rule, and the rule permits the allowance of counsel fees, the trial judge abused his discretion in failing to *414 award fees upon plaintiff's application. We disagree with plaintiff's basic premise.
As noted above, the settlement agreement was never incorporated in an order or judgment. It was simply a contract entered into between the parties as a condition for the dismissal of pending litigation. The sine qua non for an action in aid of litigant's rights, pursuant to R. 1:10-5, is an order or judgment; a predicate element missing here. The comment to the rule reflects standard practice.
[T]his amendment recognizes that as a matter of fundamental fairness, a party who willfully fails to comply with an order or judgment entitling his adversary to litigant's rights is properly chargeable with his adversary's enforcement expenses. (Emphasis added).
Pressler, Current N.J. Court Rules, Comment, R. 1:10-5. Thus, because the proceedings which led to the judgment under review were not appropriately brought under R. 1:10-5, plaintiff cannot rely upon that rule to seek counsel fees. The proceeding initiated by plaintiff was simply a motion to enforce a settlement utilizing the same docket number under which it was entered.
Alternatively, plaintiff argues that the trial judge should have awarded fees either under N.J.S.A. 46:18-11.4 or Fla. Stat. § 701.04 (1990). R. 4:42-9(a)(8) permits a court to award counsel fees "[i]n all cases where counsel fees are permitted by statute." Although neither of these two statutes are mentioned in the argument before the trial judge, and counsel have not included their motion briefs in their appendices, defendant does not deny that counsel fees were sought under those statutes.
In essence, N.J.S.A. 46:18-11.4 requires the mortgagee to pay the costs of a legal action, including reasonable attorney fees, to have a mortgage cancelled of record where the mortgagee has failed to comply with obligations imposed by N.J.S.A. 46:18-11.2. However, it is obvious to us that the relevant statutory provisions upon which plaintiff relies apply only to mortgages on New Jersey properties.
The Florida statute relevant to this proceeding provides:

*415 Whenever the amount of money due on any mortgage, lien, or judgment shall be fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom such payment shall have been made, shall execute in writing an instrument acknowledging satisfaction of said mortgage, lien, or judgment and have the same acknowledged, or proven, and duly entered of record in the book provided by law for such purposes in the proper county. Within 60 days of the date of receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien, or judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. In the case of a civil action arising out of the provisions of this section, the prevailing party shall be entitled to attorney's fees and costs.

[Fla. Stat. § 701.04 (1990).]
Catherine Haynoski admits in her appellate brief: "[t]he primary thrust of the motion was to obtain a Discharge of a Mortgage on Florida real estate." It is clear that defendants' failure to "send or cause to be sent the recorded satisfaction" to the plaintiff within 60 days of the receipt of full payment of the mortgage is a violation of the plain terms of the Florida statute, and that the current proceeding is "a civil action arising out of the provisions" therein. Id.
New Jersey courts will apply the law of another state which undergirds the current proceeding, including that part of the statute which permits the award of counsel fees. Winer Motors, Inc. v. Jaguar Rover Triumph, Inc., 208 N.J. Super. 666, 678, 506 A.2d 817 (App.Div. 1986). Thus, it is clear, in applying New Jersey law to the controversy between the parties, that New Jersey looks to the law of Florida insofar as it specifies the obligations of the parties to discharge a mortgage on Florida real estate. The Florida statute mandates an award of counsel fees where the mortgagee has not fulfilled the requisite statutory obligation to discharge a mortgage. Under the clear wording of the statute, counsel fees are mandatory, not discretionary.
Therefore, we conclude that counsel fees should have been awarded to plaintiff under Fla. Stat. § 701.04 (1990). However, counsel fees should not be awarded for those aspects of plaintiff's motion addressing other obligations defendant may have had *416 under the agreement. To the extent that plaintiff cannot reasonably separate the fees attributable solely to the cancellation of the mortgage from those unrelated to that issue on remand, no counsel fees shall be awarded. The matter is remanded for further proceedings in accord with this opinion.
NOTES
[1] Catherine Haynoski is the executor of her husband's estate and defended against plaintiff's motion.