279 N.J. Super. 1 (1994)
652 A.2d 176
RONALD E. BLUM, PLAINTIFF-RESPONDENT/CROSS-APPELLANT,
v.
SHERE (BLUM) ADER, DEFENDANT-APPELLANT/CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 1994.
Decided November 17, 1994.
*2 Before Judges DREIER and WEFING.
Frederick J. Sikora, attorney for appellant/cross-respondent (James J. Moloughney, of counsel and on the brief).
Courter, Kobert, Laufer, Purcell & Cohen, attorneys for respondent/cross-appellant (William M. Laufer, of counsel; June L. Frage, on the brief).
The opinion of the court was delivered by DREIER, P.J.A.D.
The parties have cross-appealed from provisions of a post-judgment order of September 29, 1993 which declares Blakely *3 Blum, emancipated at the age of eighteen, terminates child support and declines to require plaintiff to contribute to the child's college expenses.
There have been two earlier opinions in this case, Blum v. Ader, A-1556-90T3 (September 30, 1991), (Blum I), and Blum v. Ader, A-5570-91T5 and A-1645-92T5 (March 21, 1994) (Blum II). In Blum I, we were constrained to apply the parties' agreement, even though it encompassed the Delaware law that limited plaintiff's alimony to a period of two years. The law changed immediately after the divorce to permit extended alimony, but the agreement was found to control. In Blum II, we upheld a substantial child support award, based in part upon defendant's misrepresentation of his income which was revealed only belatedly.
While the second appeal was pending and before our March 21, 1994 opinion, the trial court in December 1993 issued the order under review in this case. It might have been better if the appeals had been consolidated, but they were not. Here, the trial judge declared the parties' oldest child, Blakely, 18, emancipated, notwithstanding her status as a full time student at Seton Hall University. Further, the judge applied Delaware law and held that plaintiff is not responsible to pay for Blakely's college education.
We strictly enforced the agreement against the wife in the first case. We there held in part that we would not "rewrite an agreement or supply omitted provisions." Blum I, slip opinion at 7. The agreement neither requires plaintiff to pay for college expenses nor does it shield him from such a claim. While it is true that the agreement encompasses Delaware law, and such law places no duty on parents to pay for college, the agreement does not speak to rights of out-of-state residents. As we enforced the agreement strictly before, it would be highly inequitable for us now to expand the agreement and have it govern college expenses payable to a New Jersey resident child, a matter neither expressly included nor excluded by its terms.
*4 Parties may stipulate the state's law that will govern their agreement. Haynoski v. Haynoski, 264 N.J. Super. 408, 413, 624 A.2d 1030 (App.Div. 1993). Even if the parties choice of law provision in their separation agreement was intended by them to govern their obligation to pay for their children's higher education if still residents of Delaware, we would not enforce such a provision as it applied to a New Jersey resident child. Cf. Leavitt v. Leavitt, 223 N.J. Super. 80, 83, 538 A.2d 365 (App.Div. 1987). Under New Jersey law, which clearly governs Blakely's right of support from her parents, the parties could have bargained concerning how they would divide college expenses between themselves. But they cannot bargain away Blakely's rights, and thus eliminate their obligations to pay for her college expenses. Johnson v. Bradbury, 233 N.J. Super. 129, 136, 558 A.2d 61 (App.Div. 1989). This right is hers not theirs.
Blakely has been a New Jersey resident since 1988, with the consequential right to be supported by both parents. This support obligation includes the right to college expenses under circumstances set forth in Newburgh v. Arrigo, 88 N.J. 529, 544, 443 A.2d 1031 (1982) ("[F]inancially capable parents should contribute to the higher education of children who are qualified students."). See also N.J.S.A. 2A:34-23a(5). Either the mother as custodial parent or the child in her own name may enforce the right to this continued support.
The most that the parties' agreement could accomplish, if its terms were explicit, would be to terminate any payments made directly to the mother for Blakely's support. Since the child is a New Jersey resident, however, appropriate child support after the age of eighteen could be (1) made to her directly as an unemancipated adult, (2) directed to be paid under New Jersey law to the mother who still acts as the provider of the child's support, or (3) paid directly to the provider of the service, such as the college.
The termination of the child support and the declaration that plaintiff is not responsible for college expenses was in error. As we said in Zazzo v. Zazzo, 245 N.J. Super. 124, 130, 584 A.2d 281 (App.Div. 1990), certif. denied, 126 N.J. 321, 598 A.2d 881 (1991), "there is no divorce between parent and child." We remand the matter to the trial court with directions to enter a suitable order *5 continuing the child support and allocating the responsibility for college expenses, applying the Newburgh standards.
Plaintiff's claim that the amount of child support was too high was answered in Blum II in which we considered plaintiff's 1993 income revealed in the case information statement and income data that had been supplied. This point is moot. We, therefore, affirm on the cross-appeal.
Reversed and remanded on the wife's appeal concerning continued child support and reimbursement of a portion of college expenses as Blakely is clearly an unemancipated adult under New Jersey law. Affirmed on the cross-appeal.