**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1836-15T2

ABDULBASET TAHA,

    Plaintiff-Appellant,

v.

GHADA ABDULBASET TAHA,

    Defendant-Respondent.

_____

        Submitted January 10, 2017 — Decided May 19, 2017

        Before Judges Messano and Espinosa.

        On appeal from the Superior Court of New
        Jersey, Chancery Division, Family Part, Bergen
        County, Docket No. FM-02-2346-08.

        Awad & Khoury, LLP, attorneys for appellant
        (Abed Awad, on the brief).

        Respondent Ghada Abdulbaset Taha has not filed
        a brief.

PER CURIAM

    Plaintiff appeals from an order that adjudicated him to be
in violation of litigant's rights, granted various forms of relief
to defendant, denied his cross-motion for a modification of his
support obligation and awarded counsel fees to defendant. For the

reasons that follow, we reverse that order and remand for further proceedings.

I.

The parties were divorced in 2008 and later entered into a property settlement agreement (PSA) that established plaintiff's support obligations. In June 2014, plaintiff filed a motion to reduce the spousal support obligation established in the PSA due to changed circumstances and for other relief. Defendant did not file any opposition to the motion. Plaintiff's motion was denied.

Plaintiff filed a motion for reconsideration, which was also unopposed by defendant. In September 2014, the trial court granted plaintiff's motion for reconsideration. The trial judge's written statement of reasons states, in part:

> [A]fter reviewing the filed certification in the matter, [the court] determines that <u>plaintiff has demonstrated a change in circumstances such to warrant a downward modification of his support obligation.</u> Plaintiff has provided copies of his yearly tax returns which show a consistent decline in plaintiff's income from the time of inception of support to the present. Furthermore, since the time of inception of support, plaintiff has had another child born to his new wife . . . .
>
> [(Emphasis added).]

The September 2014 order reduced defendant's alimony obligation to $750 per month and his child support obligation for

2

the last remaining unemancipated child to $614.90 per month. The order also granted plaintiff's request to emancipate the parties' twenty-two-year-old son, who worked full-time and was self-sufficient.

In January 2015, defendant filed a motion to: vacate the September 2014; reinstate the earlier order denying plaintiff's motion for modification of support; maintain spousal support at $4,000 per month and for counsel fees. The motion did not explicitly ask for the court to reverse the emancipation of the parties' son or to reinstate the prior child support obligation. In support of her motion, defendant asserted she had not been served with the motion papers; that she was out of the country when the motions were filed. Plaintiff had represented to the court that she had been served by regular and certified mail.

The trial judge granted defendant's motion based upon her representation that she had not had actual service of the motions and entered an order that vacated the September 2014 order "in its entirety." The trial judge's written statement of reasons includes the following:

> [T]he Court believes that the <u>plaintiff's application for a significant reduction of his support obligations should be determined on its merits</u> and that the defendant should have an opportunity to respond to and/or oppose such requests, especially in light of the fact that when determining appropriate support

A-1836-15T2

obligations, a Court must take into account the financial standings and circumstances of both parties. The plaintiff's application in support of his Motion for Reconsideration merely set forth dollar amounts that the plaintiff felt were appropriate amounts for his support obligations to be set at. Had the defendant had an opportunity to respond to his plaintiff's motion and set forth her own financial circumstances, the Court believes that the resulting support obligations would almost certainly have come out differently.

For the reasons stated, the Court's Order of September 22, 2014 shall be, and is hereby vacated. <u>Plaintiff is directed to file a new Motion</u> seeking a recalculation and/or reduction of his support obligations <u>based upon his previously alleged reduction in income or for any other reason applicable to the plaintiff's current circumstances</u>.

[(Emphasis added).]

Despite the trial court's direction, plaintiff did not renew his motion for modification of his support obligation until he filed a cross-motion to the motion in aid of litigant's rights filed by defendant in October 2015. The relief sought in that motion was for the court to compel the payment of outstanding support and issue a two-missed-payment warrant.

Oral argument on the motion and cross-motion was held before a different judge than the one who had entered the prior three orders in the case. Unfortunately, the transcript reveals that the new judge's understanding of the orders previously entered was inaccurate.

4

A-1836-15T2

The excerpts we have quoted from the first judge's decisions clearly show that the only reason the order reducing spousal support was vacated was to afford defendant an opportunity to respond to the merits of plaintiff's motion, a motion the judge had previously determined had merit. And, the first judge did not foreclose plaintiff from relying on the materials already submitted or "any other reason applicable to the plaintiff's current circumstances."

The second judge interpreted the prior orders as a denial of plaintiff's motion on the merits that precluded a motion to reduce his obligation on res judicata grounds unless he was able to establish there was a change in circumstances since the July 2014 order that originally denied his motion for modification. This was not the case. Although plaintiff sought relief belatedly, his motion was explicitly authorized by the first judge.

In his appeal, plaintiff argues the trial judge erred in failing to apply appropriate legal standards. He contends the judge erred in failing to modify his support obligations because the first judge had already determined he had presented a prima facie case of changed circumstances that warranted modification and also argues it was error for the judge to deny his cross-motion without a plenary hearing. Plaintiff argues further that

the trial court abused its discretion in awarding counsel fees to defendant.

## II.

We need not address plaintiff's arguments regarding his support obligation at length because it is clear from the record that the decision to deny plaintiff a decision on the merits of his motion was based upon an erroneous perception of the orders previously entered in this case. The order denying plaintiff's cross-motion,[1] reducing plaintiff's support arrears of $48,161.60 to judgment, and ordering him to sell property in Jordan is hereby vacated.[2]

Plaintiff argues the prior determination that he had presented a prima facie case of changed circumstances requires the court to reduce his support obligation. We reject this argument. The prior order was vacated explicitly to provide defendant an opportunity to respond; we reverse and remand so that the parties may each have their day in court.

The matter is remanded for a determination on the merits of plaintiff's motion to modify his support obligation. As the first judge directed, plaintiff may rely on the information previously

[1] The order erroneously refers to "defendant's cross-motion."

[2] We note that defendant's notice of motion did not seek the sale of the property in Jordan or the reduction of arrears to judgment.

6                                                          A-1836-15T2

submitted and "any other reason applicable to the plaintiff's current circumstances." Defendant shall have the opportunity to respond. We leave to the trial judge the determination whether discovery or a plenary hearing are warranted.

### III.

We next address plaintiff's challenge to the motion judge's award of counsel fees to defendant.

An appellate court "will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008)). A decision arises from an abuse of discretion if it is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Counsel fees may be awarded "to any party accorded relief following the filing of a motion in aid of litigant's rights, R. 1:10-3, or to any party in a divorce action, R. 5:3-5(c), subject to the provisions of Rule 4:42-9." Ibid.; see N.J.S.A. 2A:34-23 (directing a court to consider the factors set forth in the court rule on counsel fees). The motion judge cited both rules as providing authority for the award of $3,905 in counsel fees. She

failed, however, to set forth reasons that justified an award under either rule.

A.

Rule 1:10-3 grants the trial court discretion to "make an allowance for counsel fees to be paid by any party to the action to a party accorded relief under this rule." "[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant.'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (citation omitted). A threshold finding before relief can be granted under this rule is that the failure to comply with a court order was willful.[3] See Pressler and Verniero, Current N.J. Court Rules, comment 4.3 on R. 1:10-3 (2017) ("Before punitive or coercive relief can be

---

[3] We note that the amount of alimony was fixed by the parties' PSA, which they entered into approximately eighteen months after their divorce. The record before us does not include any order incorporating the PSA into the judgment of divorce. And none of the orders entered in July, September or November 2014 established $4,000 as the monthly alimony obligation. They: (1) denied a motion to reduce the settled upon amount; (2) reduced the settled upon amount and (3) vacated the order that reduced alimony, essentially restoring the term established in their PSA. In the absence of an order that established the amount of alimony, there is some doubt that relief was available under R. 1:10-3. See Haynoski v. Haynoski, 264 N.J. Super. 408, 414 (App. Div. 1993) ("The sine qua non for an action in aid of litigant's rights, pursuant to R. 1:10-[3], is an order or judgment . . . .").

afforded, the court must be satisfied that the party had the capacity to comply with the order and was willfully contumacious.")

That threshold finding was absent here. To the contrary, the motion judge cited plaintiff's inability to pay the counsel fee she awarded as the reason for ordering that the counsel fee be deducted from the proceeds of the sale of the Jordan property. Absent a finding that plaintiff's failure to pay the alimony was willfully contumacious, there is no basis for relief or a counsel fee award under Rule 1:10-3.

### B.

For counsel fees to be properly awarded in family actions under Rule 5:3-5(c), a court must consider nine enumerated factors:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.
>
> [See also Mani v. Mani, 183 N.J. 70, 94-95 (2005) (explaining a court "must" consider these factors even though Rule 5:3-5(c) says a court "should" consider them); Barr, supra, 418 N.J. Super. at 46 (same).]

While not every factor must be considered, <u>Reese v. Weis</u>, 430 <u>N.J. Super.</u> 552, 586 (App. Div. 2013), failure to provide analysis on the record of these factors is a ground upon which a counsel fee award may be disturbed. <u>Accardi v. Accardi</u>, 369 <u>N.J. Super.</u> 75, 90 (App. Div. 2004); <u>see</u> <u>Gnall v. Gnall</u>, 432 <u>N.J. Super.</u> 129, 165 (App. Div. 2013) ("A counsel fee award is left to the sound discretion of the trial court, <u>after consideration of the factors identified in Rule 5:3-5(c)</u>." (emphasis added)), <u>rev'd on other grounds</u>, 222 <u>N.J.</u> 414, 423 (2015).

Here, the only reason the Family Part put on the record for granting counsel fees was that plaintiff was "in violation of litigant's rights for failure to comply with an order." This purports to address only one of the factors listed in <u>Rule</u> 5:3-5(c), i.e., "(8) the degree to which fees were incurred to enforce existing orders." The judge appeared to consider this factor dispositive as she gave the following response to plaintiff's protest that he was unable to pay:

> [T]his application had to be made because of non-compliance with an order. You're in violation of litigant's rights for failure to comply with an order, that has ramifications. But for that happening Ms. Taha wouldn't hire an attorney and pay an attorney to come into court to seek relief.

As we have discussed, the record fails to show a willful violation of an existing order by plaintiff. Moreover, it is

clear the judge gave some credence to plaintiff's claim he was unable to pay any fees because, in awarding defendant $3,905, she stated, "The plaintiff is not in a position to pay that outright, it will be satisfied from the sale of the proceeds [sic] from the Jordan property." Yet, there was no discussion of plaintiff's financial circumstances or the other factors set forth in <u>Rule</u> 5:3-5(c).

We are satisfied that the deficiencies in the legal and factual bases relied upon by the motion judge warrant a reversal of the order awarding counsel fees to defendant.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1836-15T2