**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1349-17T1

DANIEL INZITARI,

       Plaintiff-Appellant/
       Cross-Respondent,

v.

LIZBETH INZITARI,

       Defendant-Respondent/
       Cross-Appellant.

_____

Submitted March 11, 2019 – Decided April 1, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2038-15.

Daniel Inzitari, appellant/cross-respondent pro se.

Lizbeth Inzitari, respondent/cross-appellant pro se.

PER CURIAM

Plaintiff Daniel Inzitari appeals from a September 11, 2017 order modifying parenting time and his child support obligation; and a November 2, 2017 order further increasing plaintiff's child support and modifying parenting time. Defendant Lizbeth Inzitari cross-appeals from the same orders seeking further modification.

We affirm as to the parenting time, holiday schedule, and the denial of counsel fees. But we reverse and remand directing the judge to address whether changed circumstances warrant modification of child support, and if so, whether the change requires a deviation from the marital settlement agreement (MSA)[1] and child support guidelines.

## I.

We begin by addressing the issues related to child support. Plaintiff contends that the judge erroneously imputed $48,635 in income to defendant. He maintains that defendant's income instead is $57,200. Defendant argues that the judge erred by imputing $65,000 in income to plaintiff. Defendant further asserts that the judge abused his discretion by refusing to hear testimony from

---

[1] We use the term MSA and property settlement agreement (PSA) interchangeably.

her forensic expert. On these issues related to child support, we reverse and remand for three reasons.

First, on the issue of child support, the record contains no findings of changed circumstances. This is important because the question for the judge was whether changed circumstances warranted a departure from the child support guidelines, which is what the parties agreed to in the MSA. Defendant maintains that the judge unreasonably lowered child support, and that the judge did not fully consider the facts as they relate to child support. Here, the judge modified the MSA, but did not make the requisite findings of fact and conclusions of law supporting that modification.

"New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999). Courts should enforce MSAs according to the original intent of the parties. Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007). Absent "compelling reasons to depart from the clear, unambiguous, and mutually understood terms of the PSA," a court is generally bound to enforce its terms. Quinn v. Quinn, 225 N.J. 34, 55 (2016). Our Supreme Court "has observed that it is 'shortsighted and unwise for courts to reject out of hand consensual solutions to vexatious personal matrimonial problems that have been advanced by the

parties themselves.'" Id. at 44 (quoting Konzelman, 158 N.J. at 193). Consistent with New Jersey's "strong public policy favoring stability of arrangements in matrimonial matters," courts will not "unnecessarily or lightly disturb[]" MSAs that are fair and equitable. Ibid. (quoting Konzelman, 158 N.J. at 193-94).

Courts have the ability to modify MSAs when changed circumstances occur. Id. at 46. See also Conforti v. Guliadis, 128 N.J. 318, 323 (1992) (noting that PSAs are unlike other contracts in that they "must serve the strong public and statutory purpose of ensuring fairness and equity in the dissolution of marriages"). "While courts are predisposed to uphold [MSAs], this enforceability is subject to judicial supervisory control." Patetta v. Patetta, 358 N.J. Super. 90, 95 (App. Div. 2003) (citation omitted). See also N.J.S.A. 2A:34-23 (indicating that child support orders "may be revised and altered by the court from time to time as circumstances may require").

In considering the equity of agreed-upon child support, courts must bear in mind that the right of support belongs to the child, not the custodial parent. Pascale v. Pascale, 140 N.J. 583, 591 (1995); Ordukaya v. Brown, 357 N.J. Super. 231, 241 (App. Div. 2003); Blum v. Ader, 279 N.J. Super. 1, 4 (App. Div. 1994) (holding that the parties to a PSA "cannot bargain away" their child's right

to support).  Accord Patetta, 358 N.J. Super. at 95 (noting that, where the rights of children are concerned, PSAs are subject to "careful judicial scrutiny").

The party seeking to modify the support obligation included in a PSA bears the burden of showing changed circumstances.  Lepis v. Lepis, 83 N.J. 139, 157 (1980).  Changed circumstances "are not confined to events unknown or unanticipated at the time of the agreement," but courts must take care "not to upset the reasonable expectation of the parties."  J.B. v. W.B., 215 N.J. 305, 327 (2013).  When one or both of the parties to a MSA have "agreed to undertakings advantageous to a child beyond that minimally required," the public policy in favor of enforcing such agreements "usually counsels against modification." Ibid. (citing Smith v. Smith, 72 N.J. 350, 360 (1977); Dolce v. Dolce, 383 N.J. Super. 11, 20 (App. Div. 2006)).

Here, in addressing the child support issues, the judge did not make the requisite findings about changed circumstances.  As a result, the judge did not determine whether those changes were sufficient to warrant a deviation from the child support amount that the parties had agreed to less than two years earlier. The same dispute arose over plaintiff's income when the parties agreed to the MSA in 2015.  Plaintiff acknowledged that since executing the MSA his income had not been reduced.  Moreover, while he had remarried and had another child,

the judge did not sufficiently address how this impacted his overall financial circumstances.

Second, the judge did not consider – assuming there were changed circumstances – whether equitable considerations favor enforcing the child support guidelines. Rule 5:6A provides that, "when an application to establish or modify child support is considered by the court," the child support guidelines "shall be applied" but "may be modified or disregarded by the court only where good cause is shown." Good cause exists, in part, where (1) there are "other relevant factors which may make the guidelines inapplicable or subject to modification," or (2) an "injustice would result from the application of the guidelines." R. 5:6A.

When considering whether "other relevant factors" exist to warrant a deviation from imposition of the guidelines, the parties' MSA is relevant and a factor to consider. Thus, even assuming the existence of changed circumstances, the judge must consider whether ordering plaintiff to pay a modified child support amount based on the guidelines was equitable in light of the MSA and the child's best interests. That is especially the case because a reduction of child support obligations – like here – undermines public policy, and as we have stated, "[t]he overall goal of every child support determination must not be

A-1349-17T1

forgotten: the best interests of the child remain paramount." Lozner v. Lozner, 388 N.J. Super. 471, 484 (App. Div. 2006).

Third, the parties' income must be re-calculated. On this record, we are unable to assess the accuracy of the income imputed to defendant, as her 2016 income tax return is not part of the record on appeal. The judge imputed income to plaintiff, but noted that he did not have sufficient information to accurately determine plaintiff's income. Thus, we are unable to consider the basis for that imputation.

Pertinent to establishing income amounts, on remand, the judge should consider the proffered testimony by defendant's forensic accountant. We understand that the trial schedule prevented the expert from appearing in court due to the expert's conflict, but on remand, the expert should have the opportunity to testify if defendant so wishes. That is especially so because the proffered expert testimony was central to determining the appropriate amount of child support.

II.

There are several other issues raised by the parties on appeal, such as the judge's ruling on their holiday schedule, health insurance costs, counsel fees, parenting time including summer vacations, and purported clerical errors.

Plaintiff also seeks a remand to a different judge. On these issues, we affirm the judge's rulings and make these brief remarks.

The MSA incorporated a holiday schedule. Family Part judges "are regularly called upon to make exceedingly difficult and delicate decisions as to the best interest of children," and reviewing courts "give deference to both their findings and the exercise of their sound discretion." Abouzahr v. Matera-Abouzahr, 361 N.J. Super. 135, 157 (App. Div. 2003) (holding that trial judge was within her discretion in concluding that there were no changed circumstances to support modification of parenting time). See also Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007) (noting that Family Part judges have "special expertise in family matters," so reviewing courts "do not second-guess their findings and the exercise of their sound discretion"). The parties did not show changed circumstances warranting a modification from the schedule contained in the MSA.

A hearing was unnecessary on the issue of health insurance costs. The MSA provides, in pertinent part:

> Wife shall continue to provide medical and dental insurance for [the child] for so long as same is available through her employer. The cost of health insurance shall be included as a line item on the Child Support Worksheet and is currently included in Husband's current child support obligation of $1,300 per month.

> If Wife no longer has insurance available to her through her employment, then Husband shall provide insurance for [the child] through his employment and Wife shall contribute towards same as a line item on the Child Support Worksheet.

The question of which parent should provide the child's health insurance is not on appeal. That issue was not squarely before the judge. We also reject plaintiff's contention that there is insufficient evidence demonstrating defendant's health insurance costs. The judge found that the "child's share of health insurance is $330.37 per month" relying on a rate quote sheet from defendant's employer that she provided at the August 2017 hearing and that she had attached to a certification as part of the 2017 reconsideration motions.

An award of attorneys' fees in a family action is discretionary. Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004); R. 4:42- 9(a)(1); R. 5:3-5(c). A reviewing court will only disturb a trial court's determination on attorneys' fees on the "rarest occasion" because of a "clear abuse of discretion." Slutsky v. Slutsky, 451 N.J. Super. 332, 365-66 (App. Div. 2017) (citing Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). See also R. 5:3-5(c) (enumerating factors the family court should consider in a fee application, including financial circumstances of parties and their respective abilities to pay). The judge acted within his discretion when he denied plaintiff's request for counsel fees. Earlier

9

in the litigation, a different judge had already denied plaintiff's request for the same fees. That judge found that plaintiff failed to show that defendant had a greater ability to pay. Thus, plaintiff's fee application was essentially a lateral appeal from an earlier judge's denial of the same fees.

As to parenting time, the parties agreed that a modification was necessary because the agreement contained in the MSA gave plaintiff more time than he had been using. The judge found that it would not be in the child's best interests to give plaintiff custody during the vast majority of the summer, as plaintiff had requested. The judge considered the child's activities, peer relationships near her primary residence, and other factors to arrive at his findings. We see no abuse of discretion here.

Finally, we see no basis whatsoever to remand to a different judge, or address the alleged clerical errors that defendant argues exist. We have essentially affirmed a majority of the rulings embodied in the orders under review. To the extent we have reversed and remanded for further proceedings, we did so to more fully develop the record and for the judge to make more complete findings of fact and conclusions of law. We reject any notion that the parties did not receive a fair hearing. As to the purported clerical errors, the

parties are free to bring them to the attention of the judge should that become necessary.

To the extent that we have not addressed the parties' remaining contentions, we conclude that they are without sufficient merit to warrant attention in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11