692 A.2d 92

JOAN M. WINTERBERG (FORMERLY JOAN M.
LUPO), PLAINTIFF–RESPONDENT, v. JAY
LUPO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1997—Decided April 24, 1997.

Before Judges MICHELS,[1] MUIR, Jr. and KLEINER.

*John H. Crammond* argued the cause for appellant (*Podesta, Myers & Crammond*, attorneys; *Mr. Crammond*, on the brief).

*Sanford M. Kahan* argued the cause for respondent (*Simon & Enright, P.C.*, attorneys; *Mr. Kahan*, of counsel and on the brief).

The opinion of the court was delivered by

KLEINER, J.A.D.

Defendant, Jay Lupo, appeals from an order entered in the Family Part on March 11, 1996. Defendant contends that the motion judge erred in: (1) setting child support at $60 per week; (2) failing to apply the support order retroactively; (3) failing to order plaintiff to pay one-half of certain unreimbursed medical and dental expenses incurred by defendant on the children's behalf; and (4) failing to recognize that a prior child support order was a *pendente lite* order.

We find that the motion judge failed to articulate his findings and also failed to explain why he deviated from the Child Support Guidelines. Ordinarily, a remand to the Family Part would be warranted; however, the motion judge is now disqualified from presiding in this litigation.

---

[1] Judge Michels did not participate in oral argument. However, the parties consented after oral argument to his participation in the decision.

For the reasons more fully explained in this opinion, we must reverse and remand for further proceedings consistent with this opinion.

I

Defendant and his former wife, plaintiff Joan M. Winterberg, formerly Joan M. Lupo, were married on September 6, 1980. They entered into a separation agreement on May 5, 1992. The parties are the parents of two sons: Brian, born March 29, 1981; and Christopher, born October 19, 1984. Upon separating, the parties agreed to "joint custody" but agreed that plaintiff would have "primary physical custody." Defendant, a career officer in the National Guard, agreed to pay $600 per month in child support, $300 per month per child. Defendant was granted undefined, but liberal, visitation with the children. A judgment of divorce was entered on June 17, 1992.

Shortly thereafter, the two children visited defendant for the entire summer. The parties intended that both sons would return to and reside with their mother during the 1992–1993 school year. Despite those plans, by the end of the summer of 1992, both sons expressed a desire to remain with their father. Although plaintiff contends that the arrangement was only for the 1992–1993 school year, defendant contends that the children expressed a desire to remain with him permanently and that plaintiff ultimately acquiesced to this.

A.

On June 18, 1993, defendant filed a motion requesting a change of physical and residential custody, child support, and reimbursement of medical and dental expenses that he had incurred during the preceding year. That motion was repeatedly postponed but was ultimately argued on February 18 and March 18, 1994, before a judge who has since left the bench.

While that motion was pending, defendant's National Guard base in New Jersey was "downsized," and defendant was advised that his military career could continue only if he accepted a transfer to Chambersburg, Pennsylvania before September 1, 1993.

Defendant contends that he discussed this prospective move with his counsel and with plaintiff's former counsel, and an agreement was reached whereby defendant and the children would relocate and plaintiff would be afforded visitation with the two children. Based on that alleged agreement, defendant did, in fact, relocate. No judicial approval was sought. *See generally N.J.S.A.* 9:2–2; *Holder v. Polanski,* 111 *N.J.* 344, 544 *A.*2d 852 (1988); *Cooper v. Cooper,* 99 *N.J.* 42, 491 *A.*2d 606 (1984); *Levine v. Bacon,* 297 *N.J.Super.* 224, 687 *A.*2d 1057 (App.Div.1997); *Cerminara v. Cerminara,* 286 *N.J.Super.* 448, 669 *A.*2d 837 (App. Div.), *certif. denied,* 144 *N.J.* 376, 676 *A.*2d 1091 (1996).

Plaintiff's certifications, filed in response to defendant's initial motion, dispute defendant's contention that a final agreement was reached; however, a plenary hearing to resolve that dispute was never scheduled. The first motion judge's order fails to resolve that dispute. Implicit in the order is the judge's apparent conclusion that defendant's contentions were true. We infer this because temporary custody was awarded to defendant pending completion of evaluations. The passage of time, plaintiff's failure to request a *Holder* hearing, and her apparent acquiescence to the visitation schedule established by agreement and given judicial sanction by paragraph 4 of the March 21, 1994, order lends further support to our inference. *Cf. Horswell v. Horswell,* 297 *N.J.Super.* 94, 104, 687 *A.*2d 797 (App.Div.1997) (holding that the passage of time was a relevant factor when determining custody issues).

On March 21, 1994, the first motion judge entered an order that provided, in part:

> 3. Defendant's motion for a transfer of custody of the children is *reserved* pending completion of the evaluation of Dr. Hagovsky.

4. The parties are directed to comply with the visitation schedule which is currently in place.

5. Plaintiff is directed to pay child support to defendant in the amount of sixty dollars ($60.00) per week, the Court having found that plaintiff's obligation is lower than the amount dictated by the Child Support Guidelines, in light of plaintiff's austere budget and her obligation to pay substantial transportation expenses. Defendant's request that plaintiff be ordered to pay child support retroactive to the date of the filing of the within motion is DENIED.

[ (Emphasis added).]

New Jersey's Child Support Guidelines (Guidelines) are set out in *Rule* 5:6A and a series of appendices. *See* Pressler, *Current N.J. Court Rules,* comment on *R.* 5:6A (1997). Appendix IX–A delineates the applicability of the Guidelines. In subsection (1)(b), we find the following:

These guidelines are intended to apply to all actions to *establish* a child support award. If the combined net family income exceeds $52,000, the court *shall* apply the guidelines up to that amount and supplement the guidelines award with an additional support amount based on the remaining family income and the factors enumerated in *N.J.S.A.* 2A:34–23.

[*Ibid.* (emphasis added) (citing *Pascale v. Pascale,* 140 *N.J.* 583, 660 *A.*2d 485 (1995)).]

From the certifications filed, the exact amount of the parties' income was in dispute.[2] It is apparent, however, that under any of the possible permutations of total income, the parties' combined net income exceeded $52,000. The total amount of the parties' income was never resolved at a plenary hearing, and the Guidelines were apparently not utilized to establish a basis for a support order. Additionally, the factors used to determine the amount of child support that are enumerated in *N.J.S.A.* 2A:34–23 were seemingly ignored.

Defendant's certification specifically asserted that his counsel had agreed, at plaintiff's request, to postpone the initial motion in order to allow time for negotiation of the dispute. A condition of

---

[2] The Case Information Statements reflected that defendant's gross income in 1993 was $24,484.91 and that plaintiff's gross income was $40,453.16. These amounts were, apparently, open to different interpretations.

this postponement was that any support order ultimately entered would be retroactive to the original scheduled date, June 18, 1993.

By the time the motion was heard, plaintiff had retained new counsel and disavowed any prior oral agreement about the retro-activity of the ultimate order. The motion judge again, without conducting a plenary hearing to resolve this dispute, simply denied retroactivity. Despite *Rule* 1:7–4, no reasons were given.

### B.

Following the entry of the March 21, 1994, order, which specifi-cally provided that "transfer of custody of the children is *reserved* pending completion of the evaluation of Dr. Hagovsky," there were extensive evaluations and *in camera* interviews of the two chil-dren. The custody issue was then scheduled for argument on December 27, 1995, based upon plaintiff's motion dated October 11, 1995.[3]

Although the custody issue was resolved by agreement on December 27, 1995, the issue of child support and visitation was reserved pending the filing of additional certifications, an analysis, as described in the Guidelines, of each parties' income, and legal memoranda. Ultimately, the second motion judge entered the order dated March 11, 1996, from which defendant now appeals.

The second motion judge appears to have concluded that the March 21, 1994, order was a final order, as the terms of that order did not contain the words *"pendente lite."* After finding that the original order was a final order and not *pendente lite,* the judge denied defendant's motion to increase child support. The judge appears to have relied on Child Support Guidelines, Appendix IX–A subparagraph (5), which provides, in part:

> MODIFICATIONS. Before using these guidelines to modify prior existing child support orders, a determination must first be made that changed circumstances

---

[3] As noted, the initial judge had left the judiciary. The *in camera* interviews were conducted by the second motion judge.

exist which justify a change in the current child support order (see *Lepis v. Lepis*, 83 *N.J.* 139, 416 *A.*2d 45 (1980)).

[*Ibid.*]

Based on *Lepis, supra,* the second motion judge concluded that defendant's application to increase the child support was not warranted due to the lack of changed circumstances.

## II

Our review of the record on appeal reflects that the first motion judge entered the March 21, 1994, order without making findings of fact as is required under *Rule* 1:7–4. Additionally, the judge did not make specific findings that would explain why the Guidelines were disregarded. *See R.* 5:6A. Nor did he consider and apply *N.J.S.A.* 2A:34–23. The bare statement in paragraph 5 of the order that "plaintiff's austere budget and her obligation to pay substantial transportation expenses" warranted a deviation from the Guidelines is conclusory. The motion judge was required to resolve the gross and net income dispute, determine the appropriate support level based on the Guidelines and the statutory factors enumerated in *N.J.S.A.* 2A:34–23, and then, based on those findings, explain why the order deviated from the Guidelines. Even if the judge had good reasons for exercising his discretion in deviating from the Guidelines, we have no indication of what those reasons were. This is an unacceptable practice.

## III

It was error for the second motion judge to conclude that the child support portion of the initial order was a final order and not *pendente lite.* Although the order did not contain the words "*pendente lite,*" it reserved decision on the custody of the children. As noted, defendant's motion for a transfer of custody of the children was expressly reserved pending psychological evaluations. Clearly then, the portion of the order that awarded child support can only be viewed as *pendente lite* because, ultimately, the custody determination would impact the decision on who would

pay whom what amount of child support. Logically, then, the determination of the amount of child support would have to be seen as contingent pending the outcome of the underlying custody issue. The textbook definition of *pendente lite* is "during litigation." *Black's Law Dictionary* 1290 (4th ed.1968). Thus, even though the order did not contain the magic words "*pendente lite*," this portion of the order must be viewed in that light. A portion of a final order that must, logically, be treated as *pendente lite* should not be viewed as a final order.

Moreover, even if the order was final and *Lepis, supra,* applied to defendant's application to increase child support, the second motion judge failed to recognize the substantial changes that had occurred in the status of the parties since the time of the original order. Since that time: (1) permanent residential custody had been awarded to defendant; (2) all visitation between plaintiff and the eldest child had been suspended; (3) plaintiff and defendant had, by private agreement, arranged that visitation with the youngest son would occur by each parent driving one-half of the distance between their respective residences at the beginning and end of each visitation weekend so that plaintiff could have visitation with her youngest son;[4] (4) plaintiff's visitation with the younger son had been increased from alternative weekends to a sharing of holidays and including five weeks of uninterrupted visitation during the summer. Additionally, the financial circumstances of the parties had changed. Both parties' income had increased, and defendant had remarried. These changes, cumulatively, were all sufficient to warrant reconsideration. *See Lepis, supra,* 83 *N.J.* at 150–53, 416 *A.*2d 45. We also note that the Guidelines are applicable on modification motions. *See Terry v. Terry,* 270 *N.J.Super.* 105, 636 *A.*2d 579 (App.Div.1994); *Zazzo v. Zazzo,* 245 *N.J.Super.* 124, 584 *A.*2d 281 (App.Div.1990), *certif. denied,* 126 *N.J.* 321, 598 *A.*2d 881 (1991).

---

[4] Thus, the original motion judge's conclusion that plaintiff's "obligation to pay substantial transportation expenses" no longer applied. Each party had the same transportation expenses under the revised order.

Although the March 11, 1996, order is extensive, the absence of any articulated findings to explain the terms of the order, as dictated by *Rule* 1:7–4 and *Rule* 5:6A, and the failure to consider the statutory criteria enumerated in *N.J.S.A.* 2A:34–23, warrants a reversal of the March 1996 order and a remand for further proceedings.

## IV

On appeal, defendant also seeks a modification of the language in the March 1996 order so that it conforms to the language embodied in *Pascale, supra.*

The order as entered provided, in relevant part:

The parties shall have joint legal custody of the infant children of the marriage with Defendant designated as the primary residential parent. Said designation shall be "without prejudice." The parties shall consult with each other on all major decisions affecting or related to the children's health, safety, education or welfare.

Defendant contends that, pursuant to *Pascale, supra,* 140 *N.J.* at 598, 660 *A.*2d 485, the appropriate language of the order should read:

The parties shall have joint legal custody of Brian, age 14, and Christopher, age 11, with the Defendant, Jay Lupo, having physical and residential custody and who shall be primary caretaker of the children. Plaintiff, Joan M. Winterberg, shall be the secondary caretaker of the children. The parties shall consult with each other on all majors [sic] decisions affecting or relating to the children's health, education and welfare.

Defendant did not seek a modification of the March 11, 1996, order to reflect this requested change. An issue not raised before the trial court is not appropriate for appellate review. *See Nieder v. Royal Indemn. Ins. Co.,* 62 *N.J.* 229, 234, 300 *A.*2d 142 (1973). We therefore decline to consider defendant's request for review on this issue. Since the matter will be remanded for further proceedings, defendant will have the opportunity to present this request to the motion judge assigned to review all aspects of the prior order.

## V

■ We now address defendant's claim that the child support order should be given retroactive effect to the original return date of the motion, October 27, 1995. According to defendant, the parties agreed that if an adjustment were made to the initial child support award, it would be given retroactive effect. This issue is not properly before us because no adjustment has been made. On remand, however, if it is determined that an adjustment in the child support is necessary, the motion judge will have to decide whether the award should be retroactive.

In considering retroactivity, we note that this case is substantially different from *Ohlhoff v. Ohlhoff,* 246 *N.J.Super.* 1, 586 *A.*2d 839 (App.Div.1991). Here, unlike *Ohlhoff,* defendant did not seek a retroactive termination of the agreement that required that he provide $600 in child support. It would appear that support was never paid pursuant to that agreement. The children shortly thereafter moved to defendant's home. When this new arrangement was deemed to be permanent, defendant immediately applied to the court for a modification of the support agreement and the entry of an order requiring plaintiff to provide child support.

*N.J.S.A.* 2A:17–56.23a provides, in part, that:

No payment or installment of an order for child support, or those portions of an order which are allocated for child support ... shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days.

[*Ibid.*]

On remand, the motion judge, in conformance with the statutory scheme, must articulate reasons for granting or denying defendant's motion for retroactive application.

## VI

From the inception of these proceedings, defendant has sought an order compelling plaintiff to reimburse him for certain medical

and dental bills that he incurred during the first year that the children resided in his home. Although he has provided an itemized list of those bills, some of which have since been paid, the second motion judge reserved decision on that component of defendant's motion. The motion judge ordered defendant to substantiate his claim by supplemental certification. We cannot discern from the record whether that reserved issue is still in dispute. We discern no error in the judge's decision mandating substantiation. If the issue remains unresolved, it shall be addressed on remand.

Reversed and remanded for further proceedings consistent with this opinion. Pending disposition, on remand, the parties shall comply with the terms of the March 11, 1996 order.