**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4326-16T1

ELIZABETH MIRMAN,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

BRIAN F. MIRMAN,

      Defendant-Appellant/
      Cross-Respondent.

_____

Argued November 28, 2018 – Decided February 21, 2019

Before Judges Fuentes, Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-2348-03.

Jeffrey P. Weinstein argued the cause for appellant/cross-respondent (Weinstein Lindemann & Weinstein, attorneys; Jeffery P. Weinstein, of counsel and on the briefs; Grace Eisenberg and Kelscey A. Boyle, on the briefs).

Allison S. Dunn argued the cause for respondent/cross-appellant (Gomperts Penza McDermott & Von Ellen,

LLC, attorneys; Gerri N. Gomperts, of counsel and on the briefs; Allison S. Dunn, on the briefs).

PER CURIAM

In this post-judgment matrimonial matter, defendant Brian F. Mirman appeals from a Family Part order denying his motion to require that plaintiff Elizabeth Mirman pay child support, for modification or termination of his alimony obligation to plaintiff, for an award of attorney's fees and for a plenary hearing. Plaintiff cross-appeals, challenging the court's denial of her motion to compel defendant to contribute to a life insurance policy securing defendant's alimony obligation and for attorneys' fees. We affirm in part, vacate in part and remand for further proceedings.

I.

Plaintiff and defendant married in 1989 and share three children, J.M., born in 1991, and twins, S.M. and M.M., born in 1998. The parties divorced in 2004. Their final judgment of divorce incorporated a negotiated property settlement agreement (PSA), which includes provisions relevant to the disputes between the parties that are the subject of the appeal. The PSA provides for joint legal custody of the children with plaintiff designated as the parent of primary residence. The PSA further provides for defendant's payment of $4600

per month in alimony and allows for the termination of alimony in the event of the death of either party or plaintiff's remarriage.

Defendant agreed to pay $6000 in monthly child support, with $2000 allocated to each unemancipated child. The PSA states that any additional payments made by defendant to plaintiff for the support of the children in excess of the agreed upon child support do not reduce or increase the monthly payment obligations. The PSA further provides that "[p]ermanent residence of a child with [defendant] shall be deemed a change of circumstances and [defendant] shall be entitled to file a motion to terminate his [child] support obligation if the parties do not agree."

Paragraph 4.4 of the PSA sets forth the parties' agreement on the children's educational expenses. It generally requires that, after applying monies available from Roth IRA college accounts, financial aid and student loans, the parties will share the expenses based on their proportionate incomes. The PSA does not provide for any contribution by the parties to their children's post-graduate educational expenses.

The PSA further required that defendant maintain a $1 million life insurance policy, naming plaintiff as a beneficiary, to insure plaintiff's receipt

of alimony. The PSA provides that "[defendant's] policy terminates at age [sixty-five], at which time the parties shall revisit this provision."

J.M was emancipated in 2013. By early 2017, she had graduated from college and dental school, and was continuing her education in a dental specialty. S.M. and M.M. were nineteen and no longer resided with plaintiff, having moved out of her home and into defendant's home in September 2016. When they began residing with defendant in September 2016, he ceased making the $4000 monthly child support payment for the two children to plaintiff.

In February 2017, defendant filed a motion seeking modification or termination of his alimony obligation, an award of child support from plaintiff and attorneys' fees.[1] Plaintiff filed a cross motion requesting an order requiring that defendant contribute to the cost of a life insurance policy she purchased on defendant's life after the policy required under the PSA terminated in 2016 when defendant turned sixty-five. Plaintiff also moved for an award of attorneys' fees.[2]

---

[1] Defendant sought other relief in his motion. The court's disposition of defendant's other requests is not challenged on appeal.

[2] Plaintiff's cross-motion sought other relief that is not at issue on appeal.

A-4326-16T1

Following oral argument, the court denied defendant's motion for termination or modification of his alimony obligation, finding defendant's current income is comparable to the income he earned at the time the parties were divorced and he otherwise failed to demonstrate a change in circumstances warranting the requested termination or modification. The court also denied defendant's request for an award of child support, concluding that although S.M. and M.M were residing with defendant, defendant's income from his dental practice substantially exceeded plaintiff's income, which was generally limited to the alimony she received from defendant, social security benefits and investment income.

The court further denied plaintiff's motion to compel defendant to contribute to the cost of the life insurance policy she obtained on defendant's life following his sixty-fifth birthday. The court concluded the PSA required defendant to maintain a life insurance policy only until he was sixty-five and that the parties agreed to revisit the issue at that time. The court also found plaintiff did not demonstrate the insurance policy she purchased was comparable to the policy defendant had maintained pursuant to the PSA and denied without prejudice plaintiff's motion to require that defendant contribute to the policy payments. In addition, the court denied both parties' motions for attorney's fees.

 A-4326-16T1

The court entered an order reflecting its rulings on the parties' respective motions. This appeal followed.

## II.

We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We reverse only if there is "'a denial of justice' because the family court's 'conclusions are . . . "clearly mistaken" or "wide of the mark."'" Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it de novo.'" Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).

The Family Part has authority under N.J.S.A. 2A:34–23 to modify alimony and child support awards. Spangenberg v. Kolakowski, 442 N.J.Super. 529, 535 (App. Div. 2015). The statute provides that alimony and child support orders "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34–23. "Our courts have interpreted this statute to require a party who

seeks modification to prove 'changed circumstances[.]'" Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis v. Lepis, 83 N.J. 139, 157 (1980)).

A motion for modification of alimony or child support "rests upon its own particular footing and the appellate court must give due recognition to the wide discretion[,] which our law rightly affords to the trial judges who deal with these matters." Ibid. (alteration in original) (quoting Martindell v. Martindell, 21 N.J. 341, 355 (1956)). "While an 'abuse of discretion . . . defies precise definition,' we will not reverse the decision absent a finding the judge's decision 'rested on an impermissible basis[,]' considered 'irrelevant or inappropriate factors[,]'" ibid. (alterations in original) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571-72 (2002)), or "failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence," ibid. (quoting Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004)).

"[T]he changed-circumstances determination must be made by comparing the parties' financial circumstances at the time the motion for relief is made with the circumstances which formed the basis for the last order fixing support obligations." Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990). In order to establish changed circumstances, a "party seeking modification has the burden of showing

such 'changed circumstances' as would warrant relief from the support or maintenance provisions involved." Lepis, 83 N.J. at 157 (quoting Martindell, 21 N.J. at 353).

Defendant contends the court erred by denying his motion for an order directing that plaintiff pay child support for their two unemancipated children who began residing with him in September 2016. The court denied the request, finding defendant failed to demonstrate changed circumstances because his income in 2016 is essentially the same as it was in 2004 when the parties agreed to the PSA, and defendant's income is substantially higher than plaintiff's.

The court erred by focusing solely on the incomes of the parties and by not considering a significant changed circumstance warranting consideration of an award of child support to defendant. When the PSA was entered in 2004, plaintiff was designated the parent of primary residence for the parties' three children. Defendant was required to pay child support not only because his income was greater than plaintiff's, but also because the children did not reside with him. In defendant's motion, however, he asserted that in September 2016 the parties' two unemancipated children moved from plaintiff's home and have thereafter resided with him.

A-4326-16T1

Child support is a joint obligation of both parents for as long as a child remains unemancipated. Llewelyn v. Shewchuk, 440 N.J. Super. 207, 214-15 (App. Div. 2015); Lynn v. Lynn, 165 N.J. Super. 328, 343 (App. Div. 1979). "[A] parent is obligated to contribute to the basic support needs of an unemancipated child to the extent of the parent's financial ability[.]" Colca v. Anson, 413 N.J. Super. 405, 414 (App. Div. 2010) (second alteration in original) (citation and internal quotation marks omitted). Plaintiff has an obligation to contribute to the basic support needs of her unemancipated children. Thus, their relocation to defendant's residence constitutes a change in circumstances requiring a reassessment of the child support obligations of the parties. See Winterberg v. Lupo, 300 N.J. Super. 125, 133 (App. Div. 1997) (finding change in residential custody supported a finding of changed circumstances warranting reconsideration of a child support obligation). The court erred by concluding otherwise. We therefore reverse the court's order denying defendant's motion for an order directing that plaintiff pay child support and remand for further proceedings to determine plaintiff's child support obligation, if any, based on all of the relevant circumstances presented.

We are not persuaded by defendant's claim the court abused its discretion by finding defendant failed to demonstrate changed circumstances sufficient to

9

warrant modification or termination of his alimony obligation. See Larbig v. Larbig, 384 N.J. Super. 17, 21 (App. Div. 2006) ("Whether an alimony obligation should be modified based upon a claim of changed circumstances rests within a Family Part judge's sound discretion."). The record supports the court's determination that defendant has not suffered any reduction in his income warranting a modification or termination of his alimony obligation. Defendant's submissions reflect his gross income and net income have increased since he entered into the PSA.[3] Moreover, defendant made no showing that plaintiff's income has increased substantially since the divorce. Plaintiff's income consists of the alimony she receives from defendant, supplemented by social security benefits.[4] Although defendant argues that due to his age and health issues he

---

[3] Defendant did not provide any evidence showing his income in 2004, when the final judgment of divorce was entered. Instead, the record includes a 2003 case information statement showing his gross and net income in 2002. The amount of defendant's adjusted gross income for 2015 is set forth in his 2015 federal tax return and his case information statement. Defendant had not filed his tax returns for 2016 when his motion was considered by the court. In his February 16, 2017 case information statement, he stated that he was "[w]aiting for information concerning [his] 2016 income and [would] supplement" the case information statement "accordingly." The record does not include any competent evidence concerning defendant's 2016 income.

[4] The judge's order required that plaintiff provide defendant with information concerning investment income not reflected on the tax return she annexed to her case information statement. There is nothing in the court's order or this opinion

will be unable to continue to work at a level sufficient to maintain the same income, he continues to work and earn at the same level as when the judgment of divorce was entered. To warrant modification or termination of his alimony obligation, defendant is required to show a change in circumstances, not that the relevant circumstances may change in the future. See Lepis, 83 N.J. at 151 ("Courts have consistently rejected requests for modification based on circumstances . . . which are expected but have not yet occurred.").

Similarly, defendant argues he has incurred increased expenses because his two unemancipated children reside with him and are attending college, but ignores he has been relieved of his $4000 per month child support obligation, is entitled to seek child support from plaintiff and the PSA incorporates the parties' agreement concerning the payment of the children's college expenses. In sum, we discern no abuse of discretion in the court's determination that defendant failed to establish "'changed circumstances' . . . warrant[ing] relief from" his alimony obligation, id. at 157 (quoting Martindell, 21 N.J. at 353), and affirm

---

precluding defendant from moving for modification or termination of his alimony obligation based on the plaintiff's disclosure of additional income not included in the case information statement she provided in opposition to his February 2017 motion.

A-4326-16T1

the court's order denying defendant's motion for termination or modification of the alimony required under the PSA.

Plaintiff argues the court erred by denying her motion for an order directing that defendant contribute to the cost of the life insurance policy that plaintiff obtained to secure defendant's alimony obligation when the life insurance policy defendant was required to maintain lapsed in 2016. As noted, the PSA required defendant to maintain a life insurance policy securing the payment of alimony until he was sixty-five and, at that time, the parties would "revisit the issue." In part, the court denied the motion based on a general finding that contract principles barred his consideration of plaintiff's request.

Matrimonial agreements are contractual in nature. Pacifico v. Pacifico, 190 N.J. 258, 265 (2007); Flanigan v. Munson, 175 N.J. 597, 606 (2003). A question regarding the interpretation or construction of a contract is a legal determination and our review is plenary, with no special deference to the trial judge's interpretation of the law and the legal consequences that flow from the established facts. Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009). "We do not supply terms to contracts that are plain and unambiguous, nor do we make a better contract for either of the parties than the one which the parties themselves

have created." Maglies v. Estate of Guy, 193 N.J. 108, 143 (2007); Graziano v. Grant, 326 N.J. Super. 328, 342 (App. Div. 1999).

In denying plaintiff's motion, the court erred by failing to give effect to the parties' express agreement that they would "revisit" the issue of defendant's maintenance of a life insurance when defendant turned sixty-five. There are no contract principles that precluded the court's consideration of plaintiff's request. To the contrary, we interpret the PSA's language to allow plaintiff to raise the issue of defendant's continued maintenance or contribution to a life insurance policy following his sixty-fifth birthday and, like any other issue in a matrimonial dispute, seek recourse in the courts to obtain whatever relief the law allows.

N.J.S.A. 2A:34-25 states that "[a]limony shall terminate upon the death of the payer spouse," but provides that "[n]othing in this act shall be construed to prohibit a court from ordering either spouse to maintain life insurance for the protection of the former spouse . . . in the event of the payer spouse's . . . death." Thus, courts may require a paying spouse to obtain a life insurance policy to protect a supporting spouse's receipt of alimony. See Jacobitti v. Jacobitti, 135 N.J. 571, 578 (1994) (finding N.J.S.A. 2A:34-35 "explicitly allow[s] a court to order the supporting spouse to maintain life insurance for the benefit of the

13

dependent spouse to protect the dependent spouse if the dependent spouse outlives the supporting spouse").

We vacate the court's order denying plaintiff's request for defendant's maintenance or contribution of a life insurance policy protecting plaintiff's receipt of alimony, and remand for the court to determine the issue. In doing so, we do not suggest or offer an opinion on the issue. We have decided only that the court erred by failing to address and decide the issue. On remand, the court shall consider and determine the issue based on the evidence presented and determine whether the requested relief is appropriate under the standards set forth in N.J.S.A. 2A:34-23, which provides for orders for alimony or maintenance of the parties "after [a] judgment of divorce."

Plaintiff and defendant each argue the court erred by denying their respective requests for attorneys' fees. We review a court's determination of a request for counsel fees in a matrimonial case for an abuse of discretion. J.E.V. v. K.V., 426 N.J. Super. 475, 492 (App. Div. 2012). We have carefully considered the court's detailed findings supporting its decision denying the parties' requests for attorneys' fees and discern no abuse of discretion in the court's denial of the parties' motions. See R. 4:42-8; R. 4:42-9(a)(1); see also Platt v. Platt, 384 N.J. Super. 418, 429 (App. Div. 2006).

We affirm the court's order denying defendant's motion for modification or termination of his alimony obligation and the parties' motions for attorneys' fees, reverse the court's order denying defendant's motion for an order directing that plaintiff pay child support and plaintiff's motion for defendant's contribution to the life insurance policy, and remand for further proceedings on defendant's motion for child support and plaintiff's request for contribution toward the life insurance policy. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4326-16T1