11 N.J. Super. 571 (1951)
78 A.2d 626
CLAUDIA DETTMAN, PLAINTIFF,
v.
ALFRED GOLDSMITH, DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided January 31, 1951.
*572 Mr. Charles W. Broadhurst, attorney for the defendant (Messrs. Markley & Broadhurst, attorneys).
Mr. Louis Steisel, attorney for the plaintiff.
*573 ZIEGENER, J.C.C.
This matter is before the court on motion by defendant for summary judgment under Rule 3:56.
Plaintiff was injured in an accident arising out of and in the course of her employment with the Arrow Manufacturing Company on November 15, 1948. As a result, plaintiff filed a petition for compensation, under the Workmen's Compensation Act, and obtained an award and was paid for 45 6/7 weeks' temporary disability, at $22.67 per week, plus 40% permanent injury to the left arm, or $2,720.40. Said award was entered on December 21, 1949.
It appears that plaintiff was treated and attended by Dr. Goldsmith, the defendant herein, for the injury she sustained in said accident. She was discharged from the hospital on November 17, 1948, but returned there on December 4, 1948, on instructions from the defendant. Thereafter, the defendant performed an operation upon plaintiff's injured arm, and plaintiff now contends that defendant was negligent in the diagnosis and treatment thereof, and said negligence resulted in permanent disability of the arm.
Plaintiff is suing to recover damages allegedly sustained as the result of defendant's negligence, and defendant now moves for summary judgment on the ground that plaintiff's sole and exclusive remedy for all the injuries sustained as a result of the accident was under the Workmen's Compensation Act, and that she cannot recover against the defendant for any alleged malpractice which may have aggravated her injuries, inasmuch as she has already received compensation for all her injuries, including any alleged aggravation thereof.
To support his contention, defendant relies solely upon the case of Burns v. Vilardo, 26 N.J. Misc. 277 (Sup. Ct. 1948), wherein the court held that the Workmen's Compensation Act provides an exclusive remedy to employees for accidental injuries arising out of and in the course of employment, and this remedy is in substitution of any right to any other method, form, or amount of compensation, and an employee is entitled to but one satisfaction for an injury. The facts in that case are analogous to these herein, and the court said, at page 280: "It is important to note that the original injury *574 was not caused by the act of a third party tort-feasor, other than the employer, and for which wrong the employee would have a remedy for the recovery of damages. Here, at best, the injury was aggravated by the alleged negligence of the plant physicians. Since the original, substantive injury was not caused by the defendants, the case does not come within the rule permitting an employee to recover damages from a third party tort-feasor. The remedy provided by the Compensation Act is exclusive and any aggravation of the original injury not caused by an independent, intervening act is considered compensable." The court then dismissed the action.
However, I do not hold to that view. First, the Workmen's Compensation Act provides a remedy for an employee who is injured as a result of an accident arising out of and in the course of his employment. In addition, R.S. 34:15-40 provides that: "Where a third person or corporation is liable to the employee * * * for an injury * * *, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee * * *, nor be regarded as establishing a measure of damage therein." Subsequently the act recites the liability of the employer should such a situation exist, and the employer's right to reimbursement.
In my opinion, where an employee is injured in an accident arising out of and in the course of his employment, and subsequently a tort-feasor causes aggravation to said injury, and the employee recovers compensation from the employer for all his injuries, the employee may still maintain an action against the said tort-feasor. This is almost the same situation as an employee being originally injured, during the course of his employment, by the action of an independent third party, and it has been held that the employee can recover under the Workmen's Compensation Act and also maintain an action against said third party. The obligation of the employer to pay compensation to the employee arises from a legislative contract, regardless of whether or not the employer was negligent. Jacowicz v. D., L. & W.R.R. Co., *575 87 N.J.L. 273, at page 276. The obligation of a tort-feasor to pay damages to the party he injures is not vitiated by the injured party's recovery of compensation under the Workmen's Compensation Act. And this is true even if said tort-feasor was only responsible for the aggravation of the original injury, and even though the injured party has recovered compensation for all injuries. Said act was amended in 1936 (P.L. 1936, c. 162) to reimburse the employer in the event the employee recovered damages from a third party tort-feasor. And this amendment was not for the purpose of eliminating the employee's cause of action against a third-party wrongdoer, but merely to effect reimbursement to the employer in such an event. The common law right of a person wronged to recover against the wrongdoer is not negated by the recovery of compensation by such person (as employee) from his employer. And this holds true where the treating physician allegedly commits a wrong against an injured employee, thereby aggravating his injury. Even assuming there might me a master and servant relationship between the employer and the treating physician (and our courts have held there is not), when the latter is charged with negligence by the employee he can be held answerable therefor.
I will grant an order denying the defendant's motion for summary judgment.