**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0312-23

D.B.,

    Plaintiff-Respondent,

v.

T.D.-B.,

    Defendant-Appellant.

_____

            Argued September 23, 2024 – Decided December 18, 2024

            Before Judges Gummer and Jacobs.

            On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-0355-19.

            Ted M. Rosenberg argued the cause for appellant (Ted M. Rosenberg, attorney; Ted M. Rosenberg and Robert M. Rosenberg, on the briefs).

            D. Ryan Nussey argued the cause for respondent (Klineburger and Nussey, attorneys; D. Ryan Nussey and Lisa G. Nolan, on the brief).

PER CURIAM

Defendant T.D.-B. appeals from a September 25, 2023 order denying her request to modify plaintiff's child support obligation, to modify the parenting time schedule, and to award counsel fees.[1] For reasons that follow, we affirm in part and remand in part.

I.

The parties reduced stipulated terms of settlement to a judgment of divorce (JOD) in March 2019. The JOD provided for joint legal custody of their now nine-year-old daughter, with defendant mother designated as the parent of primary residence and plaintiff father the parent of alternate residence. The JOD included a parenting time schedule that expanded father's parenting time periodically through June 1, 2020. As of that date,

> [plaintiff would] exercise [parenting time] alternating Friday through Monday morning with a return to school and/or daycare as well as every Wednesday overnight with a return to school/daycare on Thursdays. [Plaintiff would] pick up the parties' child after work between 4:00 pm and 5:00 pm on Fridays . . . to begin his parenting time. [The] [p]arties [would] each have the right of first refusal for any overnight parenting time that c[ould] not be exercised by the scheduled parent.

---

[1] We use initials to protect the parties' privacy given our extensive discussion about their purported incomes as reported in part in their Family Case Information Statements submitted to the court pursuant to Rule 5:5-2. See R. 1:38-3(d)(1) (excluding from public access "Family Case Information Statements required by [Rule] 5:5-2").

The JOD fixed plaintiff's child support and alimony obligations based on plaintiff's annual income of $180,000 and defendant's annual income of $50,000. Child support was calculated to be $300 per week and alimony at $650 per week, pending the sale of the marital residence.

The parties' rights and obligations were later modified by two consent orders. First, in August, 2020, the parties agreed that: (1) alimony would end on May 11, 2021; (2) beginning March 6, 2021, plaintiff would pay a reduced sum of child support of $223 per week; (3) once alimony ended, the parties would recalculate child support consistent with the child support guidelines based on plaintiff exercising thirty-five overnights per year; and (4) the parties would share educational and work-related childcare expenses, with plaintiff paying 52.5% and defendant paying 47.5% of those expenses.

In May, 2021, the parties entered into a second superseding consent order, agreeing that: (1) alimony ended irrevocably on May 11, 2021; (2) plaintiff would pay a higher amount of $376 per week in child support pursuant to several factors under the Child Support Guidelines, including defendant's weekly income, plaintiff's weekly income, plaintiff's payment of the child's healthcare insurance, and plaintiff exercising thirty-five annual overnights with the parties' child; (3) plaintiff would pay defendant an additional sixteen dollars per week

A-0312-23

"as this [wa]s a high combined income case"; and (4) the parties would share work-related childcare expenses, with plaintiff paying 70% and defendant paying 30%.

Alleging plaintiff had breached terms of both consent orders, defendant in July 2023, moved to: (1) terminate plaintiff's overnights based on his failure to exercise parenting time or, alternatively, suspend overnights until plaintiff and the child engaged in family therapy to reestablish their relationship; (2) reschedule plaintiff's Wednesday night parenting time because plaintiff was not properly caring for the child during this time and it was disrupting the child's weekly routine; (3) recalculate child support based on plaintiff not exercising his rights to overnights and his increased income; and (4) be awarded counsel fees and costs. Among allegations in her certification, defendant stated that since the JOD in 2019, the parties had "agreed to reduce [plaintiff's] overnights to [thirty-five] . . . per year" but plaintiff had exercised only six overnights with the child in the four years since that time.

Plaintiff cross-moved to: (1) deny the relief requested in defendant's motion; (2) enforce the JOD and the 2021 consent order as to child support and parenting time; and (3) enter an award for counsel fees and costs in his favor. In his supporting certification, plaintiff stated that although it was "true that

overnights ha[d] not been happening lately," he had refrained from exercising this parenting time "to respect [the child]'s preferences."  Plaintiff also certified he did not agree to reschedule Wednesday evenings, denying defendant's claims that he failed to care for their child.   He stated he had the child only "one night each week," which he did "not want to give . . . up" because it would "cut down on his time with her significantly."  Finally, plaintiff certified he enjoyed this mid-week time with the child as it allowed him to help with her math homework.

The trial court heard argument on the parties' cross-applications in September 2023.  The focus was on Wednesday night parenting time, modification of child support, and attorney's fees.  Defendant claimed plaintiff was not properly caring for the child on Wednesday evenings as visitation on that day interrupted the child's weekly routine.  She maintained that when the child returned from plaintiff's care on these midweek visits, the child sometimes would not have eaten dinner, was "unable to complete [her] homework," and had to stay up late to complete it; thus, the child's "entire rhythm" was disrupted.  Defendant requested either that plaintiff exercise the overnights he was permitted or that his child support obligation be increased based on those additional days she had the child.  As a consequence of these factors, defendant argued plaintiff's visitation should be moved to Friday evenings.  Regarding

5

child support, defendant claimed that because plaintiff was on track to earn approximately $41,000 per year more since the last time child support was calculated, his increased income constituted a substantial change of circumstances warranting adjustment of his child support obligation.

In response, plaintiff argued there was no change in circumstances to warrant terminating overnights altogether. Plaintiff explained that while he wished to exercise overnight visitation, he had tried to accommodate the child's wishes as to overnights, especially as she matured, developing a wider circle of friends and engaging in varied activities. Plaintiff disputed all of defendant's claims about his Wednesday parenting time, contending he should retain that time with his daughter. Regarding child support, plaintiff acknowledged that he had experienced a nominal income increase but contended defendant had not established a change in income sufficient to warrant a modification of his child support obligation. During argument, the trial court directly questioned plaintiff about his current salary. Plaintiff represented he was making $220,000 per year due to a recent promotion and was eligible for discretionary, performance-based bonuses.

Immediately following argument, the trial court stated its ruling:

> [W]ith respect to the child support . . . I'm going to start
> with what I believe and view is most important[,] which

6

is the overnights. [Plaintiff] elects to exercise the overnights. I'm going to order . . . that the parties, in the consent order. . . submit[ and] confirm the [thirty-five] overnights that the child is going to have . . . during the year . . . .

You can . . . do it starting with the school year and us[e] September 1 . . . as the date . . . . Or you can start [o]n January 1 . . . and then . . . proportionally . . . address the remainder for this year. But [plaintiff is] to have [thirty-five] overnights in a year. And that's going to be enforced . . . .

The request of . . . plaintiff was that he take the overnights. He said he [is] going to take the overnights. He [is] expected to. We [are] going to put overnights in the order.

With respect to the Wednesday parenting time, there [is] no change in circumstances that I see just based on the submission, so I'm going to deny the application to modify that. If the parties want to do that, fine. If they cannot [agree], I'm going to leave it the same. That's what it was, what they agreed to previously.

With respect to the child support, I don't see that there [is a] substantial change in circumstances to warrant a review or a modification of it based on the overnight issue or based on the increase in the wages which to me was not that much. And so I'm going to . . . deny the application. I'm denying the application for attorney[']s fees.

. . . .

I'll also note that the parties have sa[ved] money by not having to pay for private school for the child anymore, so they both benefit financially f[rom] that. Perhaps

7

they can work out . . . what to do with that money to help . . . offset expenses, etcetera . . . .

I tend to agree . . . with what [plaintiff's counsel] sa[id]. I don't understand the significance of the issues here beyond the fact that is the parenting time. But the [thirty-five overnights are] . . . expect[ed] . . . to be enforced. If they're not, then I'll have something to really look at and really question [plaintiff]'s sincerity. But I don't see that right now.

So[,] that's my ruling. I'll expect all that in the form of a [consent] order to be submitted within one week. If the parties can't agree, then submit it under the five-day rule.

The trial court issued a conforming order, reflecting both its oral decision and the parties' agreement on the remaining issues raised in their cross-applications. The paragraphs reflecting the court's rulings at issue begin at ordinal seven:

7. Defendant's request to terminate the overnights afforded to . . . [p]laintiff with the parties' child, . . . based upon a substantial change of circumstances as [p]laintiff has only availed himself of six . . . overnights total with the child since the parties' divorce in 2019 is GRANTED in part and DENIED in part without prejudice. Plaintiff has [thirty-five] overnights annually afforded to him with [the child] pursuant to the [2020 consent order]. Plaintiff's [thirty-five] overnights shall be enforced . . . moving forward. The parties agree that [p]laintiff's overnights with [the child] shall specifically take place on the following dates over the next calendar year:

8

. . . . [Dates omitted]

8. Defendant's request to alternatively suspend [p]laintiff's overnight parenting time with the parties' child until such time that [p]laintiff successfully participates and completes family therapy with . . . the parties' child to re-build and re-establish his relationship with [the child] and requiring a report with recommendations to be provided by said therapist to both parties and the [c]ourt is DENIED without prejudice.

9. Defendant's request to reschedule [p]laintiff's Wednesday evening parenting time with the parties' child during the school year to alternating Fridays from 4pm [to] 7pm during [d]efendant's parenting time to remove the disruption to the child's weekly school schedule and routine is DENIED without prejudice.

10. Defendant's request to recalculate child support based upon a substantial change of circumstances as [p]laintiff has only availed himself of six . . . overnights total with the child since the parties' divorce in 2019 and [p]laintiff's increased income from his employment is DENIED without prejudice.

. . . .

12. Defendant's request for counsel fees and costs is DENIED without prejudice. Each party shall pay their own counsel fees and costs for the present application.

13. Plaintiff's request to deny the relief requested in the [d]efendant's Notice of Motion is GRANTED in part and DENIED in part.

A-0312-23

14. Plaintiff's request to enforce the [JOD]. . . and the [2021 consent order] as to [p]arenting [t]ime and [c]hild [s]upport is GRANTED in part and DENIED in part.

15. Plaintiff's request for counsel fees and costs is DENIED without prejudice. Each party shall pay their own counsel fees and costs for the present application.

This appeal ensued.

## II.

In sum, defendant argues the trial court failed to make the requisite findings of facts regarding plaintiff's failure to exercise allotted overnight visitation since August 2020 and, depending on that determination, whether there should be a corresponding re-calculation of child support. Defendant further argues that plaintiff's increase in income justified a thorough review and adjustment in child support payments. Defendant also contends the trial court erred by giving plaintiff a "second chance" for overnight visitation without reaffirming the prior order mandating family therapy. Finally, defendant argues the trial court erred by making no findings of fact regarding mid-week visitation and in summarily denying defendant's application for attorney's fees.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). An appellate court owes substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Id. at

413. As such, we defer to the Family Part's factual findings and decision unless the decision constitutes an abuse of discretion, such that: (1) the judge's "findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice,'" Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)); (2) the court failed to consider all controlling legal principles, Gotlib v. Gotlib, 399 N.J. Super. 295, 309 (App. Div. 2008); or (3) the court entered an order that lacks evidential support, Mackinnon v. Mackinnon, 191 N.J. 240, 254 (2007). However, we do not accord such deference to legal conclusions and review such conclusions de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

Further, pursuant to Rule 1:7-4(a), the Family Part has "a duty to make findings of fact and to state [its] reasons in support of [its] conclusions." Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996). Otherwise, "[m]eaningful appellate review is inhibited." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). As such, a Family Part's "naked conclusions" do not suffice. Curtis v. Finneran, 83 N.J. 563, 570 (1980); see also Avelino-Catabran v. Catabran, 445

11

N.J. Super. 574, 595 (App. Div. 2016) (noting a court "does not discharge [its] function simply by recounting the parties' conflicting assertions and then stating a legal conclusion").

"A custody arrangement adopted by the trial court, whether based on the parties' agreement or imposed by the court, is subject to modification based on a [prima facie] showing of changed circumstances, with the court determining custody in accordance with the best interests standard of N.J.S.A. 9:2-4." Bisbing v. Bisbing, 230 N.J. 309, 322 (2017); Slawinski v. Nicholas, 448 N.J. Super. 25, 35 (App. Div. 2016).

> Modification of an existing child custody order is a "two-step process." R.K. v. F.K., 437 N.J. Super. 58, 62 (App. Div. 2014). First, a party must show "a change of circumstances warranting modification" of the custodial arrangements. Id. at 63 (quoting Beck v. Beck, 86 N.J. 480, 496 n.8 (1981)). If the party makes that showing, the party is "entitled to a plenary hearing as to disputed material facts regarding the child's best interests, and whether those best interests are served by modification of the existing custody order." Id. at 62-63.
>
> [Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).]

N.J.S.A. 9:2-4(d) provides that courts must order custody arrangements in accordance with the parties' agreement unless it is not in the best interests of the child. "Where there is already a judgment or an agreement affecting custody in

place, it is presumed it 'embodies a best interests determination' and should be modified only where there is a 'showing [of] changed circumstances which would affect the welfare of the children.'" A.J. v. R.J., 461 N.J. Super. 173, 182 (App. Div. 2019) (first alteration in original) (quoting Todd v. Sheridan, 268 N.J. Super. 387, 398 (App. Div. 1993)). However, "[p]arties cannot by agreement relieve the court of its obligation to safeguard the best interests of the child." P.T. v. M.S., 325 N.J. Super. 193, 215 (App. Div. 1999) (citing In re Baby M., 109 N.J. 396, 418 (1988)).

Overnight Visitation and Family Therapy

Guided by these standards, we are satisfied the trial court properly concluded there was no substantial change in circumstances warranting a modification of the parties' parenting time arrangement. Both parties were clear they wanted plaintiff to exercise his thirty-five annual overnights. Although the possibility of ordering family therapy to decide whether the overnights should continue was discussed at the hearing, defendant explicitly represented through counsel the relief she sought was for plaintiff to exercise the thirty-five overnights to which he was entitled every year. In its ruling, the trial court simply enforced the parties' agreement and did not abuse its discretion.

A-0312-23

Similarly, there was no substantial change in circumstances to warrant the removal of plaintiff's Wednesday night parenting time. Although the trial court could have amplified the reasons for this decision, implicit in its analysis was the determination that defendant failed to show it was no longer in the child's best interest to see her father mid-week, as the parties had agreed in prior consent orders. See A.J., 461 N.J. Super. at 182. Additionally, plaintiff maintained he wanted to keep the Wednesday time so that he could see his daughter during the week. Thus, the Family Part did not abuse its discretion in finding "[there was] no change in circumstances . . . just based on [the parties] submission[s]."

Child Support

A party seeking to modify a child support obligation has the burden of demonstrating a substantial change in circumstances. Lepis v. Lepis, 83 N.J. 139, 157 (1980). Any modification of child support must be made in accordance with the best interests of the children. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007). A substantial change in custody or parenting time constitutes a change in circumstances warranting modification of child support. See Winterberg v. Lupo, 300 N.J. Super. 125, 133 (App. Div. 1997).

The changed circumstances analysis applies even when support was fixed by an agreement incorporated into a divorce judgment. See J.B. v. W.B., 215

14

N.J. 305, 326-27 (2013).  It also is well settled that parents may agree to allocate the payment of child support and deviate from child support guidelines, provided the terms of the agreement are fair and equitable, O.P. v. L.G.-P., 440 N.J. Super. 146, 155-56 (App. Div. 2015), and the interests of the child are not prejudiced, Ordukaya v. Brown, 357 N.J. Super. 231, 241 (App. Div. 2003).  However, parents may not bargain away a child's right to support.  Blum v. Ader, 279 N.J. Super. 1, 4 (App. Div. 1994).

"[C]hildren are entitled to have their needs accord with the current standard of living of both parents, which may reflect an increase in parental good fortune."  Isaacson v. Isaacson, 348 N.J. Super. 560, 579 (2002).  Generally, the Child Support Guidelines in Appendix IX of the New Jersey Court Rules "shall be applied when an application to establish or modify child support is considered by the court."  R. 5:6A.[2]

In consideration of these principles, the trial court provided insufficient findings to support its conclusion that defendant failed to establish a substantial change in the parties' financial circumstances.  Because the trial court

---

[2] The annual number of overnights exercised by each parent is a factor in applying the child support guidelines.  See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Apps. IX-A(14)(c)(2) and IX-D to R. 5:6A, www.gannlaw.com (2024).

transgressed these principles, we are constrained to remand so that the court may amplify its findings.

Here, the parties disagreed during the argument in September 2023—and continue to disagree on appeal—whether plaintiff was grossing annually $220,000, as he directly represented to the court, or, as defendant's counsel argued, was "on pace to earn about $236,000 per year, which would be about [a] $41,000 increase since the last time [child support] was calculated." The trial court found plaintiff's gross income had increased by $25,000 (to $220,000) since the 2021 consent order. In reaching this conclusion, the court failed to explain why a $25,000 increase in plaintiff's gross income and a $7,000 increase in defendant's gross income was not substantial enough to warrant a review of the level of child support being paid for the parties' daughter. Also, the court did not explain why the bonus income plaintiff received in 2023, totaling at least $3,000 as set forth in plaintiff's updated CIS, was not considered when calculating the amount of plaintiff's increased income.

Based on these considerations, and because a child is entitled to share in the parents' "good fortune," the court must amplify its findings to explain why an increase in the parties' incomes of at least $28,000 for plaintiff and $7,000

16

for defendant since 2021 did not warrant a review of child support. Isaacson, 348 N.J. Super. at 579.

However, we affirm the trial court's decision that there was no basis to modify child support based on plaintiff not having exercised his allotted thirty-five overnights. Considering both parties asked for the same number of overnights to continue and the trial court agreed to enforce the existing overnight parenting time schedule, there was no substantial change in circumstances. It is important to note defendant's request to modify child support was denied without prejudice to allow defendant to renew her application for an increase in child support in the event plaintiff fails to exercise the thirty-five overnights. As the trial court stated, "the [thirty-five overnights are] . . . expect[ed] . . . to be enforced. If they're not, then I'll have something to really look at and really question [plaintiff]'s sincerity. But I don't see that right now." In other words, the trial court relied on plaintiff's stated desire to exercise the overnights and defendant's agreement to his exercise of that right in deciding to enforce the existing parenting time arrangement. The court properly left open the possibility for modification of plaintiff's child support obligation should plaintiff fail to exercise his overnight parenting time.

A-0312-23

Attorney's Fees

It is well settled that an order granting or denying a counsel fee request is reviewed for an abuse of discretion. Harte v. Hand, 433 N.J. Super. 457, 465-66 (App. Div. 2013). "Fees in family actions are normally awarded to permit parties with unequal financial positions to litigate (in good faith) on an equal footing." J.E.V. v. K.V., 426 N.J. Super. 475, 493 (App. Div. 2012) (quoting Kelly v. Kelly, 262 N.J. Super. 303, 307 (Ch. Div. 1992)). But "where a party acts in bad faith[,] the purpose of the counsel fee award is to protect the innocent party from [the] unnecessary costs and to punish the guilty party." Welch v. Welch, 401 N.J. Super. 438, 448 (Ch. Div. 2008) (citing Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000)).

When addressing a counsel fee application, a judge should consider the following factors:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

18

[R. 5:3-5(c).]

A trial court's failure to consider the appropriate factors, make the required findings, and state its conclusions of law, constitutes a clear abuse of discretion. See Saffos v. Avaya Inc., 419 N.J. Super. 244, 271 (App. Div. 2011). A remand is appropriate if the trial court fails to adequately explain an award or denial of counsel fees. See Giarusso v. Giarusso, 455 N.J. Super. 42, 54 (App. Div. 2018).

Here, the trial court failed to properly consider the appropriate factors in denying defendant's counsel fee application and thus abused its discretion. As defendant correctly argues, the court made no factual findings regarding defendant's counsel fee application and failed to mention Rule 5:3-5(c), to analyze the factors under this rule, or to explain its decision. As such, the matter is remanded for the development of a proper reviewable record and specific findings, as the law requires.

In remanding the case, this court takes no position regarding the trial court's ultimate determination regarding modification of child support or the award of counsel fees. We instruct the trial court to enter a corresponding order at the conclusion of the remand. We also instruct that the existing orders remain

19

in effect, without prejudice to further developments, pending the outcome of the remand.

Affirmed in part, remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0312-23